UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PATRICIA MARX, individually and on behalf of

all others similarly situated,                                   Civil Action No.:  1:26-cv-73  (AJB/MJK)

Plaintiff,

-against-

HEWITT'S GARDEN CENTERS, INC.,

Defendant.

-----------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, PATRICA MARX, individually and on behalf of all others similarly situated (hereinafter, "Plaintiff"), as and for her Collective Action Complaint against Defendant, HEWITT'S GARDEN CENTERS, INC. (hereinafter, "Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter "NYLL") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.      Jurisdiction over Plaintiff's FLSA claims is, based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## **PARTIES**

5.      Plaintiff is an adult female who is currently a resident of Schenectady County, New York.

6.      Plaintiff was employed by Defendant as a Store Manager at Defendant's store located at 5 Charlton Road, Scotia, New York 12302, from in or about 2020 through on or about August 19, 2024.

7.      According to the New York State Department of State, Division of Corporations, Defendant is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant maintains its principal place of business at 5 Charlton Road, Scotia, New York 12302.

9.      Upon information and belief, Defendant operates seven (7) retail locations throughout New York state within the counties of Albany, Rensselaer, Saratoga, Schenectady, and Warren. Specifically, Defendant operates stores in the towns of Clifton Park, East Greenbush, Glenmont, Guilderland, Queensbury, Scotia, and Wilton.

10.     Defendant employed Plaintiff and all other similarly situated employees as Store Managers at all times relevant to this action. Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein. Defendant had and continues to have substantial control over all other similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

11.     Upon information and belief, at all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and all other similarly situated employees, including timekeeping, payroll, and other employment practices applied to them

12.     Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff and all other similarly situated employees.

## FACTS

13.     From on or about 2020 to on or about August 19, 2024, Plaintiff was employed as a Store Manager for the benefit of and at the direction of Defendant.

14.     As a Store Manager, Plaintiff's primary job duties involved managing the operations and employees at Defendant's Scotia store.

15.     During the store's busy seasons each year, from early April to mid-June and again from around early November to around Christmas, Plaintiff worked nine (9) to ten (10) hour days six (6) days per week. The remainder of the year, Plaintiff worked an average approximately forty-five (45) hours each week for Defendant.

16.     Plaintiff did not have a typical schedule as the days and times she worked varied from week to week.

17.     Although Defendant generally tracked Plaintiff's hours by having her punch in and out, throughout her employment there were days and times when she was required to work without clocking her time. For example, Defendant closes the stores on Tuesdays in February but Store Managers still went in to perform certain work such as interior painting.

18.     Throughout Plaintiff's employment as a Store Manager, Defendant paid her a flat weekly salary regardless of the number of hours she worked each week.

19.     From the time she was promoted to manager in or about 2020 through on or about April 9, 2023, Defendant paid Plaintiff a weekly salary of $700.

20.     Beginning on or about April 10, 2023 and continuing through the end of her employment in September 2024, Defendant paid Plaintiff a salary of $800 per week.

21.     From December 31, 2019 through December 30, 2020, pursuant to New York minimum wage laws, in order to claim an executive or administrative exemption from hourly/overtime compensation, upstate New York employers were required to pay employees a minimum salary threshold of at least $885 per week.

22.     From December 31, 2020 through December 30, 2021, the applicable minimum salary threshold was $937.50 per week.

23.     From December 31, 2021 through December 30, 2022, the applicable minimum salary threshold was $990 per week.

24.     From December 31, 2022 through December 31, 2023, the applicable minimum salary threshold was $1,064.25 per week.

25.    From January 1, 2024 through December 31, 2024, the applicable minimum salary threshold was $1,124.20 per week.

26.    From January 1, 2025 through December 31, 2025, the applicable minimum salary threshold was $1,161.65 per week.

27.    Beginning on January 1, 2026, the exempt minimum salary threshold for upstate New York is $1,199.10 per week.

28.    Throughout Plaintiff's employment, Defendant consistently paid Plaintiff below the applicable minimum salary threshold required in order to exempt her from overtime compensation.

29.    Throughout Plaintiff's employment Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

30.    Throughout Plaintiff's employment, Defendant required Plaintiff to clock in and out for work each day, with some required exceptions as stated above.

31.    Thus, throughout Plaintiff's employment, Defendant was aware of the hours that Plaintiff worked each day and each week.

32.    Throughout Plaintiff's employment, when she was required to work without clocking in, Defendant knew or should have known the hours that she worked.

33.    From January 2020 through the present, Defendant has employed at least seven Store Managers at all times.

34.    Defendant subjected, and continues to subject, all Store Managers to the same illegal practices and policies as Plaintiff herein.

35.    During her employment, Plaintiff and the other Store Managers were not exempt from the overtime provisions of the FLSA or the NYLL because Defendant did not pay them in a manner which allowed them to claim any such exemption.

36.    Defendant managed Plaintiff and other Store Manager's employment, including the amount of overtime worked.

37.    Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

38.    Defendant was aware of Plaintiff and the Store Manager's work hours but failed to pay them the full amount of wages to which they were entitled for this work time under the law.

39.    Defendant's failures to pay proper wages in a timely manner were made and continue to be made without good faith, willfully, and with a reckless disregard for Plaintiff and other Store Manager's rights, and Plaintiff and other Store Managers have been damaged by such failures.

## GENERAL ALLEGATIONS

40.    Plaintiff, individually and on behalf of all similarly situated current and former Store Managers employed by Defendant, including its subsidiaries and affiliated companies, brings this action as a collective action under the FLSA to recover, *inter alia,* unpaid overtime compensation owed to Plaintiff and all other similarly situated employees.

41.     Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week is a violation of the FLSA and the NYLL.

42.     As a result of these unlawful practices, Plaintiff and all similarly situated employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and the following class of persons:

> All Store Managers who, during the applicable FLSA limitations period, were classified by Defendant as exempt salaried employees and who give their consent, in writing, to become party plaintiffs (hereinafter, the "FLSA Class").

44.     Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia,* they were required to work in excess of forty (40) hours per week without being paid overtime compensation.

45.     Defendant has known that Plaintiff and the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendant has operated under a scheme to deprive Plaintiff and the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

46.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the FLSA Class.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

47.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48.     The FLSA regulates the payment of wages by employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l).

49.     Plaintiff and other similarly situated employees were and are entitled to overtime pay as required by the FLSA because they were and continue to be employed by an enterprise engaged in commerce.

50.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce.

51.     Defendant was and is subject to the overtime pay requirements of the FLSA because Plaintiff and other similarly situated employees are individuals engaged in commerce.

52.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2023, 2024, and 2025 was not less than $500,000.00.

53.     At all times relevant to this action, Plaintiff and other similarly situated employees were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

54.     Section 207(a)(l) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

55.    By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff and other similarly situated employees overtime compensation as required by the FLSA.

56.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(l) of the FLSA.

57.    However, none of the Section 13 exemptions apply to Plaintiff or other similarly situated employees because they have not met the requirements for coverage under the exemptions based upon the minimum salary threshold under New York State laws.

58.    Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown a reckless disregard for the matter of whether its conduct violated the FLSA.

59.    Defendant has not acted in good faith with respect to the conduct alleged herein.

60.    As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

61.    The Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as Store Managers with respect to the claims pleaded in Counts II of the complaint.

62.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)     The class is so numerous that joinder of all members is impracticable;

(b)     There are questions of law or fact common to the class which predominate over questions of law or fact affecting only individual members;

(c)     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)     The representative parties will fairly and adequately protect the interests of the class; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

63.     Plaintiff seeks certification of a class consisting of the following individuals:

All Store Managers who performed their primary duties for the Defendant at the Defendant's stores located in New York at any time from six (6) years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

### Numerosity

64.     Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

65.    The proposed class can be identified and located using the Defendant's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

**Common Questions of Law and Fact**

66.    There are questions of fact and law common to each class member which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendant's actions include, but are not limited to, the following:

a)    Whether the class members have qualified for exempt status;

b)    Whether Defendant conducted an analysis of class members compensation before failing to pay them overtime;

c)    Whether Defendant conducted an analysis of class members' duties and tasks before failing to pay them overtime;

d)    Whether the class members have been uniformly classified as exempt from overtime requirements;

e)    Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

f)    Whether Plaintiff and class members have been expected or required to work in excess of 40 hours per week; and,

g)    Whether Defendant's failure to pay overtime compensation has been willful.

67.    The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

68.    Plaintiff's claims are typical of the claims of the class members. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class she seeks to represent.

## Adequacy

69.    Plaintiff is an adequate representative of the class she seeks to represent because she is a member of such class, and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

70.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

71.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

72.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19**
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

73.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74.     At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

75.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

76.     By the above-alleged conduct, Defendant has failed to pay members of the New York Class overtime compensation as required by the NYLL.

77.     Plaintiff and the other members of the New York Class are not exempt from the overtime provisions of the NYLL because they have not been paid the threshold salary required for any possible applicable exemption to apply.

78.     Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the NYLL, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

79.     Defendant has acted willfully and has either known that its conduct violated the NYLL or has shown a reckless disregard for the matter of whether its conduct violated the NYLL. Defendant has not acted in good faith with respect to the conduct alleged herein.

80.     As a result of Defendant's violations of the NYLL, Plaintiff and all others members of the New York class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, Harding Mazzotti, LLP demand judgment against Defendant, and in favor of Plaintiff and all others similarly situated for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      A judgment declaring that the practices complaint of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

B.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all

persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.    An order restraining Defendant from any retaliation against any individual for participating in this lawsuit in any form;

D.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing Individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.    Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

F.    All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiff would have received but for Defendant's unlawful pay practices;

G.    Liquidated damages and any other statutory penalties recoverable under the FLSA and NYLL;

H.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable

attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

I.     Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and Rule 23;

J.     Pre-judgment and post-judgment interest, as provided by law; and

K.     Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: January 15, 2026
         Albany, New York

                              **HARDING MAZZOTTI, LLP**

                    BY:     _Kelly A. Magnuson_
                              Kelly A. Magnuson, Esq.
                              *Attorneys for Plaintiff*
                              1 Wall Street
                              Albany, New York 12205
                              Tel.: (518) 556-3402
                              Email: Kelly.Magnuson@1800law1010.com

TO:    Hewitt's Garden Centers, Inc.
         5 Charlton Road
         Scotia, New York 12302